PAUL J. GROOMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grooms v. Commissioner
Docket No. 29527-89
United States Tax Court
T.C. Memo 1992-291; 1992 Tax Ct. Memo LEXIS 319; 63 T.C.M. (CCH) 3040; May 19, 1992, Filed *319 Decision will be entered for respondent. Held: Petitioner was misclassified by his employer as an independent contractor and no withholding of tax was made. Petitioner is nevertheless liable for income tax and additions to tax on such income. We have no jurisdiction over FICA tax under these circumstances. Paul J. Grooms, pro se. Donald K. Rogers, for respondent. WHITAKER
WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Year
Deficiency
Additions to Tax
Sections [1]
1985
$ 6,505
$ 1,626.25      6651(a)(1)
325.25      6653(a)(1)
372.77      6654(a)
50% of the interest
6653(a)(2)
due on $ 6,505      1986
1,528
90.00      6653(a)(1)(A)
50% of the interest
6653(a)(1)(B)
due on $ 1,528      Some of the facts have been stipulated and are so found. For *320 convenience our Findings of Fact and Opinion have been combined. The parties have stipulated to the amounts of underreported income for the years in issue, that petitioner's employer failed to withhold any income tax or FICA tax on wages paid to petitioner by one Frank Chandler (Chandler), that petitioner did not file a tax return for 1985, and that he omitted his compensation from Chandler from his 1986 tax return. The issues for decision are petitioner's liability for income tax, additions to tax on his income, and for FICA tax. During the years involved and at the time the petition was filed, petitioner resided in Waverly, Ohio. Separate notices of deficiency were issued for each of the years before the Court. Chandler incorrectly classified petitioner as an independent contractor apparently to avoid payroll taxes. The parties have stipulated that petitioner was an employee. The parties have stipulated the amount of the income tax deficiency for 1986 to be $ 1,528. The deficiency for 1985 is essentially not in dispute except as to whether petitioner is entitled to the rates applicable to a married taxpayer. Petitioner assumed responsibility for providing respondent's counsel *321 with some sort of signed document as to his marital status in 1985. Our file does not disclose whether this has been done. If not, petitioner will bear the consequences. It is petitioner's position that respondent should seek from Chandler those amounts of tax and additions and interest on the deficiencies which petitioner would not owe if the correct withholding had been made and paid to the Internal Revenue Service. Petitioner states in his trial brief that he called to the attention of certain of respondent's employees that Chandler was not withholding. When this was done is not clear, but that circumstance cannot affect the result in this Court. (For petitioner's protection, since his contentions as set forth in his petition are far from clear, we have ordered that his brief be filed. His brief was delivered to this Court by the Clerk of the Claims Court for reasons which are not apparent in the record. We received the brief some time prior to trial.) Respondent takes the position that, under the circumstances of this case, we do not have jurisdiction over the FICA tax issue. . We agree. Petitioner is liable, *322 however, for the income tax deficiencies, and for the additions to tax attributable thereto. [2] The law is clear that misclassification of an employee does not relieve the employee of his liability for filing correct tax returns. See , affd. without published opinion d Cir. 1991). Obviously, petitioner knew of his responsibility to file tax returns. He did file a return for 1986. He has provided no sufficient reason for failing to file a return for 1985, or for failing in each of the years to include in his income subject to Federal income tax his compensation from Chandler. Therefore, decision in due course will be entered for respondent. However, petitioner's marital status is unclear. *323 Unless, within 30 days from the filing of this opinion, petitioner satisfies respondent's counsel as to his marital status for the taxable year 1985, decision will be entered for respondent, and petitioner's tax liability will be computed as though he was a single person. If he has already clarified his marital status, or within the 30-day period he does so, decision will be entered for respondent and the tax liability computed as appropriate. Respondent is directed to file with the Court on or before 40 days from the issuance of this opinion either a stipulation as to petitioner's wife's status or a memorandum that petitioner has again failed to cooperate. Decision will be entered for respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. The additions to tax set forth in the notice of deficiency must be recomputed to reflect the elimination of petitioner's self-employment tax liability. Additionally, in recomputing the additions to tax, petitioner's FICA tax liability, if any, must be excluded.↩